IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM EDWARD WILLIAMSON,
    Plaintiff,

vs.                                Case No. 5:13cv10/RS/CJK

KENNETH S. TUCKER, et al.,
    Defendants.
_____

## ORDER and
## REPORT AND RECOMMENDATION

    This cause is before the Court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

    Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Graceville Correctional Facility ("Graceville CI"). (Doc. 1). Plaintiff's complaint names twelve defendants, including the Secretary of the DOC, the Chief Executive Officer of Corrections Corporation of America, prison officials at Graceville CI, a state court judge and a county court judge. (Doc. 1, pp. 1-2). Plaintiff claims the defendants are violating the laws of Florida by failing to prevent the theft of plaintiff's property by fellow inmates. As relief, plaintiff seeks a trial "to

test the compidency [sic] of Corrections Corporation as a corrective force." (Doc. 1, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff signed his complaint on December 19, 2012. (Doc. 1, p. 7). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case: *Williamson v. Hamilton*, Case Number 5:06cv239/RS/MD. Plaintiff described that case as arising from prison officials' failure to provide adequate medical care for a cyst, and charging plaintiff medical co-pays. Plaintiff stated that the case was dismissed because he received the

---

[1] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "Yes" to Question (A) and disclosed one state court case: *Williamson v. Durance, et al.*, Case Number 12-CA-251, filed in the Circuit Court of Jackson County, Florida. (Doc. 1, p. 3). Plaintiff disclosed no other cases in response to Questions (A) and (B).

relief he sought. The Court's records reflect that *Williamson v. Hamilton*, Case Number 5:06cv239 was a habeas corpus case. Plaintiff's civil rights case involving prison officials' alleged failure to provide adequate medical care was *Williamson v. Hamelton*, Case Number 3:06cv562/LC/MD. That civil rights case was dismissed as malicious on June 15, 2007, for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses concerning his litigation history. (*See* Case No. 3:06cv562, docs. 22, 23). Plaintiff disclosed no other cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases, indicating "N/A". (*Id.*).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has in effect stated that at the time he filed his complaint, he had initiated no other lawsuits in federal court that were dismissed prior to service or as malicious.

As a matter of course, the Court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's

jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the Court to consider whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff filed his complaint in this case, plaintiff had initiated at least two other civil actions in this Court that required disclosure. On June 27, 1994, plaintiff and another inmate, while incarcerated, filed a civil rights complaint against various state and local officials. *See Adamson, et al., v. Singletary*, Case Number 5:94cv50182/LC/SMN. The case was dismissed with prejudice prior to service, on October 17, 1994. (*See* Case No. 5:94cv50182, docs. 8, 10). Additionally, on November 14, 1995, plaintiff, while incarcerated, filed in this Court a civil rights complaint against numerous state and private individuals associated with his criminal conviction for sexual battery upon one of his children. *See Williamson v. Alderman*, Case Number 5:95cv50323/LC/SMN. Plaintiff claimed, among other things, that he was wrongly accused and convicted of this crime. (*See* Case No. 5:95cv50323, doc. 3). The case was dismissed as frivolous, prior to service, on February 20, 1996. (*Id.*, docs. 5, 6). The dismissal was affirmed on appeal in October of 1997. (*Id.*, doc. 29).

---

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff did not disclose either of these cases in the instant complaint. Although the cases were filed several years ago, plaintiff was well aware of them because in 2007, this Court dismissed as malicious *Williamson v. Hamelton*, Case Number 3:06cv562/LC/MD, for plaintiff's failure to disclose them. (*See* Case No. 3:06cv562, docs. 17, 22, 23). Notably, with regard to Case No. 3:06cv562/LC/MD, plaintiff did not identify that case number in his complaint. Even if plaintiff's answer to Question (C) could be construed as disclosing Case No. 3:06cv562, plaintiff still misrepresented the reason for dismissal, and failed to disclose in Question (D) that the case was dismissed as malicious. All three of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, 110252.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The

Court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

2. As funds become available in plaintiff's inmate account, plaintiff is required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into his account) <u>in each case he has filed in this court.</u>[3] The agency having custody of plaintiff shall forward to the clerk of court payments from plaintiff's account on a monthly basis each time the amount in the account exceeds $10.00. These payments shall continue <u>until the filing fee of $350.00 is paid in full in each case</u>. Personal checks directly from prisoners will not be accepted.

The following information shall either be included on the face of the check or money order or attached thereto:

(1) the full name of the prisoner;
(2) the prisoner's inmate number; and
(3) Northern District of Florida Case Number: 5:13cv10/RS/CJK.

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

3. The Clerk of Court shall MAIL a copy of this order with the appropriate cover letter to: Florida Department of Corrections, 501 S. Calhoun St. Tallahassee, FL 32399-2500, ATTN: Agency Clerk.

---

[3]Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

*Case No: 5:13cv10/RS/CJK*

4. Plaintiff is warned that he is ultimately responsible for payment of the filing fee in every case he has filed should the agency with custody over him lapse in its duty to make payments on his behalf. If plaintiff is transferred to another jail or correctional institution, he must ensure that the new institution is informed about his federal litigation and the required monthly payments. Plaintiff should retain a copy of this order for that purpose.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 10th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).